1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DONALD ROOTS,                              No.  2:14-cv-0030 KJM CKD P

12              Petitioner,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   ELVIN VALENZUELA,

15              Respondent.

16

17        Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas

18   corpus under 28 U.S.C. § 2254.  He is serving a sentence of 18 years and 4 months imprisonment

19   for three firearm related offenses and making criminal threats.  Respondent has filed a motion to

20   dismiss.

21        Respondent argues that petitioner has failed to exhaust state court remedies with respect to

22   all of his claims.  The exhaustion of state court remedies is a prerequisite to the granting of a

23   petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion

24   requirement by providing the highest state court with a full and fair opportunity to consider all

25   claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971).

26        After reviewing all of the material in the record, it appears petitioner has exhausted state

27   court remedies only with respect to the claim identified as "Ground three" in his petition for writ

28   of habeas corpus.  In that claim, petitioner challenges evidence presented at his sentencing

                                                1

1    hearing.  Petitioner presented this claim to the California Supreme Court in a state petition for

2    writ of habeas corpus filed on August 16, 2013.  Resp't's Lodged Doc. No. 10.  The claim was

3    rejected on November 20, 2013.  Resp't's Lodged Doc. No. 11.  It does not appear petitioner has

4    presented either "Ground one" or "Ground two" to the California Supreme Court.[1]  Accordingly,

5    at this point, petitioner cannot obtain relief pursuant to "Ground one or "Ground two."

6         As for the only claim where state court remedies have been exhausted, respondent argues

7    petitioner cannot obtain relief as to that claim because the applicable limitations period has been

8    violated.  Title 28 U.S.C. § 2244(d)(1) provides:

9         A 1-year period of limitation shall apply to an application for a writ
          of habeas corpus by a person in custody pursuant to the judgment of
10        a State court.  The limitation period shall run from the latest of –

11        (A) the date on which the judgment became final by the conclusion
          of direct review or the expiration of the time for seeking such
12        review;

13        (B) the date on which the impediment to filing an application
          created by State action in violation of the Constitution or laws of
14        the United States is removed, if the applicant was prevented from
          filing by such State action;
15
          (C) the date on which the constitutional right asserted was initially
16        recognized by the Supreme Court, if the right has been newly
          recognized by the Supreme Court and made retroactively applicable
17        to cases on collateral review; or

18        (D) the date on which the factual predicate of the claim or claims
          presented could have been discovered through the exercise of due
19        diligence.

20        On September 8, 2011, petitioner filed a petition for review in the California Supreme

21   Court of the California Court of Appeal's denial of petitioner's appeal of his conviction and

22   sentence.  Resp't's Lodged Doc. # 13.  The petition for review was denied October 12, 2011.

23   Resp't's Lodged Doc. # 14.  Petitioner's conviction became final for purposes of  § 2244(d)(1)(A)

24   on January 10, 2012 when time expired for petitioner to seek a writ of certiorari with respect to

25

26   [1]  In "Ground one," petitioner asserts he was subjected to ineffective assistance of counsel in
     violation of the Sixth Amendment because trial counsel advised him not to testify.  In his
27   California Supreme Court petition for writ of habeas corpus, petitioner asserts he was subjected to
     ineffective assistance of counsel in several respects, but he does not present any claims related to
28   petitioner not testifying.

1   the California Supreme Court's denial of petitioner's direct appeal request for review.  See

2   Bowen v. Roe, 188 F.3d 1157, 1158 59 (9th Cir. 1999) ("We hold that the period of 'direct

3   review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a

4   petition for a writ of certiorari from the United States Supreme Court, whether or not the

5   petitioner actually files such a petition.").

6         On December 11, 2011 (before time expired for petitioner to file a petition for writ of

7   certiorari), petitioner filed a petition for writ of habeas corpus with the Superior Court of

8   Sacramento County.[2]   Resp't's Lodged Doc. No. 1.  Title 28 U.S.C. § 2244(d)(2) provides that

9   "the time during which a properly filed application for State post-conviction or other collateral

10   review with respect to the pertinent judgment or claim is pending shall not be counted toward any

11   period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  Respondent concedes that

12   petitioner is entitled to tolling of the applicable limitations period while his first state habeas

13   petition was pending.  The petition was denied on February 3, 2012 (Resp't's Lodged Doc. No.

14   1), and the limitation period began running for the first time the next day.

15         Petitioner filed a second petition for writ of habeas corpus in the Superior Court of

16   Sacramento County on September 19, 2012 (Resp't's Lodged Doc. No. 4) which tolled the

17   applicable limitations period a second time.  At that point, 228 days of the limitations period had

18   /////

19   /////

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26

27   [2]  Documents are "filed" in courts by prisoners on the day they give their documents to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 270 (1988).

28

1    elapsed.[3]  The petition was denied October 16, 2012.  Resp't's Lodgd Doc. No. 5.  The limitations

2    period commenced a second time the next day and ran out on March 2, 2013 well before this

3    action was commenced in January of this year.[4]

4          Because there appear to be no claims upon which petitioner may proceed, the court will

5    recommend that petitioner's application for writ of habeas corpus be dismissed, and this case be

6    closed.

7          Accordingly, IT IS HEREBY RECOMMENDED that:

8          1.  Respondent's motion to dismiss (ECF No. 16) be granted; and

9          2.  This case be closed.

10         These findings and recommendations are submitted to the United States District Judge

11   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

12   after being served with these findings and recommendations, any party may file written

13   objections with the court and serve a copy on all parties.  Such a document should be captioned

14   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

15

16   [3]  Respondent argues that petitioner is also entitled to tolling between April 10, and May 29, 2012
     while a motion to amend petitioner's first Superior Court of Sacramento County petition for writ
17   of habeas corpus was pending.  A motion to amend a petition which has already been denied is
     not, by itself, "[a]n application for State post-conviction or other collateral review."  A different
18   conclusion might be appropriate had the Superior Court granted the motion and elected to
     proceed on an amended petition.  However, the Superior Court denied the motion to amend
19   because petitioner sought to bring additional claims.  The Superior Court informed petitioner that
     the correct course of action was to commence a second habeas action, which petitioner did.  So,
20   to the extent the court could construe petitioner's motion to amend as "[a]n application for State
     post-conviction or other collateral review," petitioner would still not be entitled to tolling under
21   28 U.S.C. § 2244(d)(2) because it was not "properly filed" in the Superior Court.
22

23   [4]   After the limitations period expired, petitioner filed a third petition for writ of habeas corpus in
     the Superior Court of Sacramento County on May 6, 2013 (Resp't's Lodgd Doc. No. 6) and the
24   petition was denied June 13, 2013 (Resp't's Lodgd Doc. No. 7).  The Ninth Circuit has held that
     under certain circumstances, the limitations period applicable to § 2254 actions will be tolled
25   during the intervals of time between pending Superior Court petitions.  See Stancle v. Clay, 692
     F.3d 948, 953 (9th Cir. 2012).  However, because petitioner raised claims not raised in his first
26   petition in his second petition, and then raised claims not raised in his second petition in his third
     petition, he is not entitled to interval tolling.  See id. (Interval of time between pending petitions
27   for collateral relief filed in the same court may be tolled if the subsequent petition is "limited to
28   an elaboration of the facts relating to the claims in the first petition.")

                                                4

1   may address whether a certificate of appealability should issue in the event he files an appeal of

2   the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

3   court must issue or deny a certificate of appealability when it enters a final order adverse to the

4   applicant).  Any response to the objections shall be served and filed within fourteen days after

5   service of the objections.  The parties are advised that failure to file objections within the

6   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

7   F.2d 1153 (9th Cir. 1991).

8   Dated:  June 4, 2014

9   _____
    CAROLYN K. DELANEY
10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14  1
15  root0030.mtd

16

17

18

19

20

21

22

23

24

25

26

27

28

5